**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIRO PAZ-PULUC and LETICIA PAZ, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73126 <br><br> Agency Nos.    A071-585-393 <br>                    A097-854-044 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Ramiro Paz-Puluc, a native and citizen of Guatemala, and Leticia Paz, a native and citizen of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determination regarding continuous physical presence. *Ibarra-Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that petitioners did not demonstrate the ten years of continuous physical presence required for cancellation of removal, where petitioners provided insufficient documentary evidence. *See* 8 U.S.C. §§ 1229b(b)(1)(A), 1229a(c)(4)(B)-(C).

To the extent petitioners raise a claim of ineffective assistance of counsel, we lack jurisdiction to review that unexhausted claim. 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.")

Contrary to petitioners' contention, the BIA did not err in declining to address non-dispositive issues. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

In light of this disposition, we do not reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

14-73126